UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Daniel G. Bureau,
    Petitioner

   v.                                Case No. 13-cv-42-SM
                                     Opinion No. 2014 DNH 211
United States of America,
    Respondent


**O R D E R**


Petitioner, Daniel Bureau, pled guilty to conspiracy to distribute and possession with the intent to distribute cocaine. His pleas were offered in accordance with a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), in which the petitioner stipulated that he should be held accountable under the Sentencing Guidelines for distributing at least 400 but less than 500 grams of cocaine; that he played the role of a manager or supervisor in connection with the distribution; that he recklessly created a substantial risk of bodily injury to another person during the course of fleeing from law enforcement; and that he should be sentenced to a one hundred and eight (108) month term of imprisonment.  That agreed-upon sentence fell within the properly calculated guideline sentencing range ("GSR") of 100-125 months. He was sentenced to 108 months of imprisonment consistently with his Rule 11(c)(1)(C) plea agreement.

Bureau now seeks sentence relief under the provisions of 28 U.S.C. § 2255, on grounds that a prior state court sentence that was used to enhance his federal sentence (the guideline range) was subsequently "vacated" by the state court, thereby entitling him to a review and potential reduction of his federal sentence.  See Johnson v. United States, 544 U.S. 295 (2005); United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996).

The underlying facts are undisputed.  Based on his plea of guilty, petitioner was previously convicted in state court of making false reports to law enforcement officers in violation of N.H. Rev. Stat. Ann. ch. 641:4.  Petitioner was sentenced to twelve (12) months of incarceration with 10 months suspended, the remaining two (2) months to be served concurrently with an unrelated state prison sentence he was then serving.  But, says Petitioner, he understood the state plea agreement's terms as calling for a sentence of twelve (12) months imprisonment in the House of Corrections, all suspended.

Following his federal sentencing, petitioner sought relief from the state court, claiming that the state sentence should be reformed to reflect his understanding of the plea agreement's terms.  The state prosecutor reviewed the matter and assented to the relief requested.  Accordingly, the state court modified the

sentence retroactively — to reflect a sentence to twelve months imprisonment all of which was suspended. Neither the underlying state criminal conviction nor the sentence was actually "vacated."

While that sentence modification might seem entirely without practical effect — the two months not originally suspended were actually served concurrently long ago — there is a measurable consequence related to petitioner's federal sentence. The government concedes that the state sentence modification would have the effect of reducing petitioner's federal criminal history point total by 2, which in turn would reduce his Criminal History Category by one level, which would result in a revised GSR of 84-105 months.

The government accepts, properly, that the petition is timely under Johnson. But, it opposes any sentence relief on grounds that petitioner, as part of his plea bargain, knowingly and voluntarily waived his right to collaterally attack his federal sentence, pointing to the terms of his written plea agreement, which specifically provides as follows:

> B. Collateral Review
>
> The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion under 28 U.S.C.

3

> § 2255 or § 2241. By entering into this Plea
> Agreement, the defendant knowingly and voluntarily
> waives his right to collaterally challenge:
>
> * * *
>
> 2.   The defendant's sentence imposed by the Court
>      if within the terms agreed upon and
>      stipulated to in this Plea Agreement.

Petitioner's motion for collateral relief pursuant to 28 U.S.C. § 2255 plainly falls within the literal scope of that waiver, which is described in clear and definite terms. Petitioner was also questioned specifically about his understanding of the waiver provision by the court during the plea colloquy, and petitioner acknowledged that he understood that, with some notable exceptions not applicable here, he was waiving and giving up his right to later challenge the agreed upon sentence. Accordingly, the waiver of collateral review by petitioner was entered knowingly and voluntarily and it is enforceable, unless enforcing it would cause a miscarriage of justice. See United States v. Chambers, 710 F.3d 23, 30 (1st Cir. 2013).

Petitioner does not directly address the government's invocation of his waiver. He offers nothing to suggest, and nothing in the record suggests that enforcing the waiver would somehow result in a miscarriage of justice.

An argument might be made, categorically, that a petitioner cannot <u>knowingly</u> and voluntarily waive a right to challenge his sentence in the future based upon future remedial action within the discretion of a state court with respect to a state conviction — something entirely uncertain at the time of his federal sentencing.  <u>See e.g.</u> <u>Keller v. United States</u>, 547 F.3d 675, 682 n.4 (7th Cir. 2011).  But even if such a categorical rule were applicable, here the outcome would be unchanged, because affording sentence relief in this case is inappropriate — not only because petitioner knowingly and voluntarily stipulated to an appropriate sentence, and waived his right to seek collateral relief as part of his plea bargain — but also because even if that waiver is not enforceable, the court would not afford sentence relief on the merits.

That is, even assuming the waiver is ineffective with respect to <u>Johnson</u> claims, that necessarily arise from post-conviction action by state courts, still, the nature of the state court's sentence modification underlying petitioner's claim was so minor and had such a modest ameliorating effect on the applicable guideline sentencing range (reducing it by one level) that a reduction in petitioner's sentence would not be granted.  After all, petitioner's record was serious, the sentence imposed was both reasonable given the crimes of conviction, and it was

5

specifically agreed to by the petitioner as part of the bargain struck with the government during plea negotiations.  The state court's retroactive suspension of two months of confinement that had already been served concurrently with an unrelated sentence may have resulted in a one level guideline range reduction, but that reduction does not call into question either the reasonableness or the propriety of the sentence to which petitioner stipulated.  The guidelines are of course advisory, and had the lower range been calculated at the time of sentencing the court still would have approved the stipulated sentence in the Rule 11(c)(1)(C) agreement.

## Conclusion

Petitioner's motion for relief under § 2255 (document no. 1) is denied on grounds that he knowingly and voluntarily waived his right to collaterally challenge his sentence and, alternatively, on grounds that even if petitioner's waiver is not enforceable, and the motion resolved on the merits, upon reopening and reviewing that sentence the court would not reduce petitioner's agreed upon sentence.  The very minor modification of the state sentence giving rise to petitioner's <u>Johnson</u> claim does not undermine the reasonableness of and stipulated nature of the sentence imposed under the circumstances of this case, notwithstanding that the effect of that minor modification would

be a one level reduction in the applicable advisory guideline sentencing range calculation.

The court declines to issue a certificate of appealability, but petitioner may seek a certificate from the Court of Appeals under Federal Rule of Appellate Procedure 22.  <u>See</u> Rule 11, Federal Rules Governing Section 2255 Proceedings.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

                                                Steven J. McAuliffe
                                                United States District Judge

September 30, 2014

cc: Daniel G. Bureau, pro se
    Seth R. Aframe, AUSA